

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| EZ Gard Industries, Inc., | Civil No. ⟨07-4769⟩MR/FLN |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| XO Athletic Co. and Paul J. Andre, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff EZ Gard Industries, Inc. ("EZ Gard"), for its Complaint against

defendants XO Athletic Co. ("XO Athletic") and Paul J. Andre, states and alleges as

follows:

### Parties, Jurisdiction, and Venue

1.      Plaintiff EZ Gard is a corporation organized and existing under the laws of

Minnesota, with a principal place of business at 3300 Fernbrook Lane Suite 250,

Plymouth, MN 55447.

2.       On information and belief, Defendant XO Athletic is a company organized

and existing under the laws of New Jersey, with a principal place of business at 1235

Central Avenue, Hillside, New Jersey 07205-2613.

3.      On information and belief, Defendant Paul J. Andre is an individual

residing at 3629 Marsh Lane, Saint Bonifacius, Minnesota 55375-1203.

4.      The claim for patent infringement in this action arises under 35 U.S.C.

§ 271.

# SCANNED

DEC 0 5 2007

U.S. DISTRICT COURT MPLS

5.      This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 1338(a), and 1367.

6.      On information and belief, XO Athletic transacts business within Minnesota and has committed acts in Minnesota and elsewhere that have injured EZ Gard in Minnesota. This Court's exercise of personal jurisdiction over XO Athletic is therefore consistent with Minnesota's long-arm statute, Minn. Stat. § 543.19, and with due process.

7.      Venue is proper pursuant to 28 U.S.C. § 1400(b) and 28 U.S.C. §1391(b) and (c).

## Patent in Suit

8.      On August 23, 1994, the United States Patent and Trademark Office issued U.S. Patent No. 5,339,832 ("the '832 patent"), entitled "Thermoplastic Mouthguard with Integral Shock Absorbing Framework." A true and correct copy of the '832 patent is attached as Exhibit A.

9.      EZ Gard is the owner of all right, title, and interest in the '832 patent.

## COUNT I

### Claim for Infringement of the '832 Patent
(against XO Athletic and Paul J. Andre)

10.     XO Athletic and Paul J. Andre are liable under 35 U.S.C. § 271(a) and (b) because XO Athletic and Mr. Andre have made and offered to sell, and/or induced others to make and offer to sell, products that infringe the claims of the '832 patent, including but not limited to claims 1, 2, 6, 7, 9, 10, 11, 16, 18, and 22.

-2-

11.    The products that infringe the '832 patent include the "Mouth Piece 5 Assembly," pictured in the specifications attached as Exhibit B.

12.    On information and belief, XO Athletic's "Mouth Piece 5 Assembly" was designed, in whole or in part, by Paul J. Andre.

13.    Mr. Andre was formerly employed by EZ Gard.

14.    During his employment at EZ Gard, Mr. Andre presented EZ Gard with a mouthguard design that is the same as or substantially similar to XO Athletic's "Mouth Piece 5 Assembly."

15.    Mr. Andre presented this mouthguard design to EZ Gard as an improvement on EZ Gard's "Gel Max" product.

16.    EZ Gard's "Gel Max" product is a commercial embodiment of the '832 patent and Mr. Andre was aware that the "Gel Max" product is patent protected.

17.    On information and belief, after Mr. Andre's employment at EZ Gard was terminated he began working for XO Athletic and commenced working on the design for XO Athletic's "Mouth Piece 5 Assembly."

18.    Therefore, on information and belief, both Mr. Andre and XO Athletic have knowledge of the '832 patent and are willfully violating 35 U.S.C. § 271(a) and (b) by offering to sell a product designed using EZ Gard's commercial embodiment of the '832 patent as a model.

19.    On information and belief, XO Athletic and Mr. Andre will continue infringing the '832 patent unless enjoined from doing so by this Court.

-3-

20.    The activities of XO Athletic and Mr. Andre in violation of 35 U.S.C. §

271(a) and (b) with respect to the '832 patent are causing EZ Gard irreparable harm for

which EZ Gard has no adequate remedy at law.

21.    The activities of XO Athletic and Mr. Andre in violation of 35 U.S.C. §

271(a) and (b) with respect to the '832 patent are causing EZ Gard damages in an amount

not yet determined.

22.    EZ Gard has complied with the requirements of 35 U.S.C. § 287 both by

providing actual notice of infringement to XO Athletic and Mr. Andre by way of this

complaint.

## COUNT II

### Breach of Contract
(against Paul J. Andre)

23.    EZ Gard develops, manufactures, and markets protective sports equipment.

While EZ Gard sells a variety of products, its business has traditionally focused primarily

on mouthguard products.

24.    XO Athletic also develops, manufactures, and markets protective sports

equipment.  Until recently, XO Athletic has not sold or offered to sell any mouthguard

products, instead focusing its business on protective cups and other related items.

25.    EZ Gard employed Mr. Andre as a Sales Manager beginning on October 3,

2005.

26.     On October 3, 2005, in consideration for his employment at EZ Gard, Mr. Andre executed an Employment and Non-Competition Agreement ("the Agreement"), a copy of which is attached as Exhibit C.

27.     Pursuant to the Agreement, Mr. Andre acknowledged, in paragraph 5.1, that during the course of his employment with EZ Gard he would have access to EZ Gard's confidential information.

28.     During his employment with EZ Gard, Mr. Andre did, in fact, have access to EZ Gard's confidential information, including, among other things, customer lists, product design information, information about the price structure of EZ Gard's products, and information concerning EZ Gard's marketing and sales strategies.

29.     Because Mr. Andre had access to EZ Gard's confidential information, the Agreement contained provisions forbidding Mr. Andre from disclosing any of EZ Gard's confidential information to any third party at paragraphs 5.2 and 5.3.

30.     Paragraph 5.4 of the Agreement also contains an Agreement Not to Compete, whereby Mr. Andre agreed that during the period of his employment by EZ Gard and continuing for 2 years thereafter, he would not directly or indirectly work for a "business similar to the type of business conducted by [EZ Gard]" in the territory where EZ Gard does business.

31.     Paragraph 5.5 of the Agreement required Mr. Andre to inform any new or prospective employee of his obligations under the Agreement.

32.     Mr. Andre was terminated from his employment at EZ Gard on or about January 7, 2007.

33.     Subsequent to his termination from EZ Gard, on information and belief, Mr. Andre began working for XO Athletic.

34.     Since Mr. Andre began working for XO Athletic, XO Athletic has taken steps to enter the mouthguard business.

35.     As part of XO Athletic's preparation to enter the mouthguard business, on information and belief, Mr. Andre has been involved with designing mouthguard products and offering to sell mouthguard products on behalf of XO Athletic, including the "Mouth Piece 5 Assembly."

36.     At all relevant times, defendant Paul J. Andre was bound by the Agreement, which is in all respects valid and enforceable.

37.     Mr. Andre breached the agreement by, among other things, engaging in competitive activities, soliciting EZ Gard customers, and, upon information and belief, disclosing EZ Gard confidential information to XO Athletic and/or using EZ Gard confidential information to the benefit of XO Athletic.

38.     Mr. Andre's actions are material breaches of the Agreement.

39.     As a direct and proximate result of Mr. Andre's breach of the Agreement, EZ Gard has been damaged in an amount not yet determined.  In addition, Mr. Andre's actions in breach of the Agreement are causing EZ Gard irreparable harm for which EZ Gard has no adequate remedy at law.

## COUNT III

### Tortious Interference with and Inducement of Breach of Contract
(against XO Athletic)

-6-

40.     Plaintiff incorporates the previous allegations as if fully set forth herein.

41.     Because Mr. Andre was under a duty to disclose the Agreement to any subsequent employees, on information and belief, XO Athletic had knowledge of the Agreement.

42.     Through its payments to, and direction of, Mr. Andre, XO Athletic has intentionally caused Mr. Andre to breach the Agreement by, among other things, engaging in competitive activities, soliciting EZ Gard customers, and, upon information and belief, disclosing EZ Gard confidential information to XO athletic and/or using EZ Gard confidential information to the benefit of XO Athletic.

43.     XO Athletic lacks a justification for intentionally causing Mr. Andre to breach the Agreement.

44.     As a direct and proximate result of Mr. Andre's breach of the Agreement and XO Athletic's tortious interference with, and inducement to breach, the Agreement, EZ Gard has been damaged in an amount not yet determined.  In addition, Mr. Andre's actions in breach of the Agreement and XO Athletic's tortious interference with, and inducement to breach, the Agreement are causing EZ Gard irreparable harm for which EZ Gard has no adequate remedy at law.

### PRAYERS FOR RELIEF

WHEREFORE, EZ Gard respectfully requests this Court award the following relief against XO Athletic:

A.     To enter judgment that XO Athletic is liable for infringing the '832 patent under 35 U.S.C. § 271(a) and (b);

B.     To enter orders preliminarily and permanently enjoining XO Athletic, its officers, agents, servants, and employees, and all persons in concert with them from infringing, inducing infringement of, or contributing to infringement of the '832 patent;

C.     In accordance with 35 U.S.C. § 284, to award plaintiff its damages in an amount sufficient to compensate it for XO Atheltic's violations of § 271(a) and (b) but not less than a reasonable royalty, plus pre- and post-judgment interest and costs;

D.     Based on XO Athletic's willfulness in infringing the '832 patent, to treble the damages awarded to plaintiff;

E.     To declare this case "exceptional" under 35 U.S.C. § 285 and to award plaintiff its attorney fees;

F.     To enter judgment that XO Athletic is liable for tortiously interfering with and inducing the breach of the Agreement.

G.     To enter orders preliminarily and permanently enjoining XO Athletic, its officers, agents, servants, and employees, and all persons in concert with them from further tortiously interfering with and/or inducing the breach of the Agreement and aimed at preventing further harm to EZ Gard based on XO Athletic's illegal conduct.

H.     To award plaintiff its damages in an amount sufficient to compensate it for XO Atheltic's tortiously interfering with and inducing the breach of the Agreement.

I.     To award plaintiff its attorneys' fees as provided by common law and statute;

J.      To award such other relief as the Court deems just and proper.

WHEREFORE, EZ Gard also respectfully requests this Court award the following relief against Mr. Andre:

A.      To enter judgment that Mr. Andre is liable for infringing the '832 patent under 35 U.S.C. § 271(a) and (b);

B.      To enter orders preliminarily and permanently enjoining Mr. Andre from infringing, inducing infringement of, or contributing to infringement of the '832 patent;

C.      In accordance with 35 U.S.C. § 284, to award plaintiff its damages in an amount sufficient to compensate it for Mr. Andre's violations of § 271(a) and (b) but not less than a reasonable royalty, plus pre- and post-judgment interest and costs;

D.      Based on Mr. Andre's willfulness in infringing the '832 patent, to treble the damages awarded to plaintiff;

E.      To declare this case "exceptional" under 35 U.S.C. § 285 and to award plaintiff its attorney fees;

F.      To enter judgment that Mr. Andre is liable for breaching of the Agreement.

G.      To enter orders preliminarily and permanently enjoining Mr. Andre from further breaching the Agreement and aimed at preventing further harm to EZ Gard based on Mr. Andre's illegal conduct.

H.      To award plaintiff its damages in an amounts sufficient to compensate it for Mr. Andre's breach of the Agreement.

I.      To award plaintiff its attorneys' fees as provided by common law and statute; and

J.     To award such other relief as the Court deems just and proper.


Dated:  December 5, 2007                    **FAEGRE & BENSON LLP**

                                            William L. Roberts (#212763)
                                            Kevin P. Wagner (#034008X)
                                            2200 Wells Fargo Center
                                            90 South Seventh Street
                                            Minneapolis, MN  55402-3901
                                            Telephone:     (612) 766-7000
                                            Facsimile:     (612) 766-1600

                                            **Attorneys for Plaintiff EZ Gard**
                                            **Industries, Inc.**

fb.us.2451122.01