**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| EZ Gard Industries, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> XO Athletic Co. and Paul J. Andre, <br><br> Defendants. | **Civil No. 07-cv-04769 (JMR-FLN)** <br><br><br> **JOINT RULE 26(f) REPORT** |

**RULE 26(f) REPORT**

Counsel identified below participated in the meeting required by Fed. R. Civ. P. 26(f), on January 18, 2008 by telephone and prepared the following report:

The pretrial conference in this matter is scheduled for **February 8, 2008**, at 9:15 a.m. before United States Magistrate Judge Franklin L. Noel, in the Magistrate Judge's chambers at Suite 9W, United States Courthouse, 300 South 4th Street, Minneapolis, Minnesota. All parties are planning to attend the pretrial conference in person.

**(a) Description of Case**

**(1) Concise factual summary of Plaintiffs' claims including patent number(s), date(s) of patent(s), and patentee(s);**

Plaintiff EZ Gard Industries Inc. (EZ Gard) is the owner of U.S. Patent No. 5,339,832 ("the '832 patent"), which generally relates to mouthguards comprising a shock absorbing framework. The '832 patent issued on August 23, 1994. Plaintiff alleges that Defendants XO Athletic Co. ("XO Athletic") and Paul J. Andre C ("Andre") have made, used, sold, and/or offered to sell in the United States one or more mouthguard products that infringe one or more claims of the '832 patent. Plaintiff seeks damages and injunctive relief enjoining XO Athletic and Andre from further alleged infringement of the '832 patent.

EZ Gard is also party to an Employment and Non-Competition Agreement ("the Agreement") with Andre, its former employee. Pursuant to the terms of the Agreement, Andre is prohibited from disclosing EZ Gard confidential information and is also prohibited from competing with EZ Gard for a period of 2 years following his termination. EZ Gard alleges that Andre breached the Agreement through his employment with XO Athletic, and further alleges that XO Athletic tortiously interfered with and/or induced breach of the Agreement.

**(2)    Concise factual summary of Defendants' claims/defenses;**

**Defendant XO Athletic:** Defendant XO Athletic denies that it has made, used, sold and/or offered to sell a mouthguard product that infringe any valid and enforceable claim of the '832 patent. In addition, XO Athletic denies that it tortiously interfered with and/or induced breach of the Agreement with Andre. In particular, XO denies having any knowledge of the Agreement between EZ Gard and Andre despite having made inquiries regarding such type of agreements.

**Defendant Andre:** In defense of EZ Gard's patent infringement claim, Andre denies that he has in any way infringed the '832 patent. In defense of EZ Gard's claim that he breached the Employment and Non-Competition Agreement ("the Agreement"), Andre alleges that the non-competition covenant contained in the Agreement ("the non-compete covenant") is invalid and unenforceable because (i) he did not sign the Agreement, (ii) the non-compete covenant is not ancillary to Andre's employment agreement with EZ Gard or supported by adequate additional consideration, (iii) the non-compete covenant is not necessary for the protection of EZ Gard's legitimate business interests, and (iv) the non-compete covenant imposes upon Andre a greater restraint than is necessary to protect EZ Gard's legitimate business interests. Alternatively, Andre alleges that even if the non-compete covenant is valid and enforceable, he did not breach the non-compete covenant. In his counterclaim against EZ Gard, seeks a judgment declaring the non-compete covenant invalid and unenforceable, and injunctive relief enjoining EZ Gard from enforcing the non-compete covenant. Andre also claims that EZ Gard tortiously interfered with the employment relationship between Andre and XO Athletic by seeking to enforce the invalid non-compete covenant.

**(3)    Statement of jurisdiction (including statutory citations);**

This action for patent infringement arises under the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has pendent jurisdiction over the claims asserted in Andre's Counterclaim, and a request for declaratory relief is proper pursuant to 28 U.S.C. § 2201. The

       parties do not dispute that personal jurisdiction and venue are proper in the District of Minnesota.

- **(4)** **Summary of factual stipulations or agreements;**

  On December 5, 2007, EZ Gard filed a motion for temporary restraining order to prevent further breach of the Agreement by Andre through his employment at XO Athletic. To resolve this motion, on December 20, 2007, EZ Gard and XO Athletic stipulated to Andre's termination and to the non-use, non-disclosure, and preservation of EZ Gard confidential documents by XO Athletic. An order to this effect was entered by the Court on December 26, 2007.

- **(5)** **Statement of whether jury trial has been timely demanded by any party.**

  A jury trial is available under the law and has been timely demanded by the Plaintiff on all issues so triable.

**(b)** **Pleadings**

- **(1)** **Statement of whether all process has been served, all pleadings filed and any plan for any party to amend pleadings or add additional parties to the action;**

  Process has been served on XO Athletic and Andre. Andre filed a Counterclaim against EZ Gard on January 14, 1008. EZ Gard's Answer to this Counterclaim is due on February 4, 2008. The parties do not anticipate at this time that they will amend the pleadings or add additional parties, but they reserve the right to do so.

- **(2)** **Proposed date by which all motions to amend and/or add parties to the action shall be filed;**

  Date: **March 31, 2008**.

**(c)** **Discovery and Pleading of Additional Claims and Defenses**

- **(1)** Discovery is permitted with respect to claims of willful infringement and defenses of patent invalidity or unenforceability not pleaded by a party, where the evidence needed to support these claims or defenses is in whole or in part in the hands of another party.

- **(2)** Once a party has given the necessary discovery, the opposing party may seek leave of Court to add claims or defenses for which it alleges, consistent with Fed. R. Civ. P. 11, that it has support, and such support shall be explained in

3

the motion seeking leave. Leave shall be liberally given where <u>prima facie</u> support is present, provided that the party seeks leave as soon as reasonably possible following the opposing party providing the necessary discovery.

**(d)    Preliminary Injunction**

Plaintiff plans to move the Court for a Preliminary Injunction preventing the Defendants from further infringing its '832 patent during the pendency of this litigation. The parties have agreed to the following schedule regarding this Motion for Preliminary Injunction (pending scheduling of the hearing with the Court):

**(1)**    Defendants will produce to Plaintiff, on an outside counsel only basis, five samples of each of their mouthguard products together with product specifications and manufacturing instructions for each mouthguard product, by **February 1, 2008**.

**(2)**    Plaintiff will file its initial motion papers by **February 15, 2008**.

**(3)**    Defendants will file their responsive memorandum by **March 11, 2008**.

**(4)**    Plaintiff will file any reply memorandum by **March 19, 2008**.

**(5)**    The memorandum regarding this Motion for Preliminary Injunction will comply with the requirements for dispositive motions as stated in Local Rule 7.1(b) and (c).

**(6)**    A hearing on Plaintiff's Motion for Preliminary Injunction will be scheduled for approximately **March 31, 2008**.

**(e)    Fact Discovery**

**The parties recommend that the Court establish the following fact discovery deadlines and limitations:**

**(1)**    All pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) shall be completed on or before **February 8, 2008**.

**(2)**    Fact discovery shall be commenced in time to be completed by: **September 30, 2008**.

Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Schedule. No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and agreements between counsel

which contravene the provisions of this Schedule will not be recognized.  Each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure.  Any evidence responsive to a discovery request which has not been disclosed on or before the close of discovery, except for good cause shown, shall be excluded from evidence at trial.  However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

**(3)** The parties agree and recommend that the Court limit the use and numbers of discovery procedures as follows:

**(A)** **25** interrogatories per side;

**(B)** **75** document requests per side;

**(C)** **6** factual depositions per side, excluding expert depositions but including Rule 30(b)(6) depositions, shall be taken without prior Order of the Court;

**(D)** **25** requests for admissions per side, excluding requests relating to authentication of documents.

**(f)** **Expert Discovery**

The parties anticipate that they will require expert witnesses at time of trial.

**(1)** Plaintiffs anticipate calling 2-3 experts in the fields of: mouthguards, damages, and patent practice and procedure.

**(2)** Defendant XO Athletic anticipates calling 2 experts in the fields of: industrial design and damages.

**(3)** Defendant Andre anticipates calling 1 expert in the field of handwriting analysis.

**(4)** By the close of fact discovery on **September 30, 2008**, the parties shall identify to the opposing party the experts who will provide a report that deals with the issues on which that party has the burden of persuasion.

**(5)** Within 30 days after the close of fact discovery **(i.e., October 30, 2007)** the parties shall exchange initial expert reports, which reports shall be in accordance with Fed. R. Civ. P. 26(a)(2)(B) ("Initial Expert Reports").  The Initial Expert Reports from each party shall deal with the issues on which the party has the burden of persuasion.

**(6)** Within 30 days after the Initial Expert Reports are exchanged (**i.e., November 28, 2008**) Rebuttal Expert Reports shall be exchanged. Rebuttal Expert Reports shall also be in accordance with Fed. R. Civ. P. 26(a)(2)(B).

**(7)** Anything shown or told to a testifying expert relating to the issues on which he/she opines, or to the basis or grounds in support of or countering the opinion, is subject to discovery by the opposing party.

**(8)** The parties shall agree that: (A) drafts of expert reports will not be retained and produced; and (B) inquiry is permitted into whom, if anyone, other than the expert participated in the drafting of his/her report. As part of this agreement, the parties will not further address these questions to the Court.

**(9)** All expert discovery shall be completed by: **December 23, 2008**.

**(10)** The parties do contemplate taking expert depositions.

**(g)** **Discovery Relating to Claim Construction**

**(1)** Deadline for Plaintiff's Claim Chart: **April 15, 2008**.

Plaintiff's Claim Chart shall identify: (1) which claim(s) of Plaintiff's patent it alleges are infringed; (2) which specific products or methods of Defendants' it alleges literally infringe each claim; and (3) where each element of each claim listed in (1) is found in each product or method listed in (2), including the basis for each contention that the element is present. If there is a contention by Plaintiff that there is infringement of any claims under the doctrine of equivalents, Plaintiff shall separately indicate this on its Claim Chart and, in addition to the information required for literal infringement, Plaintiff shall also explain each function, way, and result that it contends are equivalent, and why it contends that any differences are not substantial.

**(2)** Deadline for Defendants' Claim Chart: **May 15, 2008**.

Defendants' Claim Chart shall indicate with specificity which elements on Plaintiff's Claim Chart they admit are present in its accused device or process, and which they contend are absent. In the latter regard, Defendants will set forth in detail the basis for their contention that the element is absent. As to the doctrine of equivalents, Defendants shall indicate on their chart their contentions concerning any differences in function, way, and result, and why any differences are substantial.

**(3)** On or before **June 30, 2008**, the parties shall simultaneously exchange a list of claim terms, phrases, or clause that each party contends should be construed by the Court. On or before **July 15, 2008**, the parties shall meet and confer for

the purpose of finalizing a list, narrowing or resolving differences, and facilitating the ultimate preparation of a joint claim construction statement. During this meet and confer process, the parties shall exchange their preliminary proposed construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes.

At the same time the parties exchange their respective "preliminary claim construction" they shall also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses that they contend support their respective claim constructions. The parties shall identify each such items of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties shall also provide a brief description of the substance of that witness' proposed testimony.

**(4)** Following the parties' meet and confer described above, and no later than **August 1, 2008**, the parties shall notify the Court as to whether they request that the Court determine claim interpretation. If any party believes there is no reason for the Court to determine claim interpretation, the party shall provide the reason to the Court.

At the same time, the parties shall also complete and file with the Court a joint claim construction statement that shall contain the following information:

**(A)** The construction of those claim terms, phrases, or clauses on which the parties agree;

**(B)** Each party's proposed construction of each disputed claim term, phrase, or clause together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either in support of its proposed construction of the claim or to oppose any other party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citation to learned treatises and prior art, and testimony of percipient and expert witnesses;

**(C)** Whether any party proposes to rely on one or more witness for the purpose of claim construction, the identity of each such witness and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert.

**(D)** A claim construction briefing schedule as agreed upon by the parties.

**(h)** **Discovery Relating to Validity/Prior Art**

    **(1)** By **May 15, 2008** Defendants shall serve on Plaintiff a list of all of the prior art on which they rely, and a complete and detailed explanation of what they allege the prior art shows and how that prior art invalidates the claim(s) asserted by Plaintiff ("Defendants' Prior Art Statement").

    **(2)** By **June 16, 2008** Plaintiff shall serve on Defendants "Plaintiff's Prior Art Statement", in which it will state in detail its position on what the prior art relied upon by Defendants shows, if the interpretation differs from Defendants', and its position on why the prior art does not invalidate the asserted patent claims.

    **(3)** Plaintiff's and Defendants' "Prior Art Statements" can be, but need not be, in the form of expert reports.

    **(4)** The parties can amend or supplement a Claim Chart or Prior Art Statement only by leave of the Court, upon a showing:

        **(A)** that the additional or amended information was not and could not reasonably have been located and provided earlier;

        **(B)** that the additional or amended information is not merely cumulative, and

        **(C)** how the balance of prejudice weighs in favor of the party seeking leave.

**(i)** **Other Discovery**

    **(1)** Defendants may postpone waiver of any applicable attorney-client privilege on topics relevant to claims of willful infringement, if any, until **September 30, 2008**, provided that all relevant privileged documents are produced no later than **September 30, 2008**. All additional discovery regarding the waiver will take place after **September 30, 2008** and shall be completed by **October 31, 2008**.

    **(2)** The parties have met and discussed whether any discovery should be conducted in phases to reduce expenses or make discovery more effective and present the following joint or individual proposals:

        The parties agree that it is not necessary to divide discovery into phases.

    **(3)** **Electronic Discovery.** The parties have met and discussed regarding the discovery of electronic documents. The parties will exchange electronic

discovery proposals and are working towards mutually agreeable terms to govern the discovery of electronic documents.

**(4)** The parties have discussed the entry of a Protective Order and agree that one will be necessary for this case. Before the initial pretrial conference, Plaintiff will send a proposed Protective Order to Defendants, and Defendants will respond to Plaintiff's proposed Protective Order. The parties will be prepared to discuss any outstanding protective order issues at the initial pretrial conference.

**(j)** **Discovery Definitions**

In responding to discovery requests, each party shall construe broadly terms of art used in the patent field (e.g., "prior art", "best mode", "on sale"), and read them as requesting discovery relating to the issue as opposed to a particular definition of the term used. Compliance with this provision is not satisfied by the respondent including a specific definition of the term of art in its response, and limiting its response to that definition.

**(k)** **Motion Schedule**

**(1)** The parties recommend that all non-dispositive motions be filed and served on or before the following dates:

**(A)** All motions that seek to amend the pleading or add parties must be served by: **March 31, 2008**.

**(B)** All other non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed by: **January 31, 2009**.

**(C)** All non-dispositive motions shall be scheduled, filed and served in compliance with the Local Rules.

**(2)** The parties recommend that all dispositive motions be filed and served by the following dates:

**(A)** All dispositive motions shall be served and filed by the parties by: **March 31, 2009**.

**(B)** All dispositive motions shall be scheduled, filed and served in compliance with the Local Rules, and particularly Local Rule 7.1(b).

**(l)** **Trial-Ready Date**

 **(1)** The parties agree that the case will be ready for trial on or after: **March 31, 2009**, or 30 days after the Court renders its Order on any dispositive motion (whichever is later), at which time the case will be placed on the Court's Jury Trial calendar.

 **(2)** A final pretrial conference should be held on or before: **April 30, 2009**.

 **(3)** Defendant Andre reserves the right under Fed. R. Civ. P. 57 to request this Court to order a speedy hearing of his action for a declaratory judgment and to advance it on the calendar.

**(m)** **Settlement**

 **(1)** The parties will discuss settlement before **April 30, 2009**, the date of the initial pretrial conference, by Plaintiff making a written demand for settlement and Defendants making a written response/offer to Plaintiff's demand within a reasonable time after receipt of such demand.

 **(2)** The parties believe that a settlement conference is appropriate and should be scheduled by the Court in **February, 2009**.

**(n)** **Trial by Magistrate Judge**

The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

**(o)** **Tutorial Describing the Technology and Matters in Issue**

If the parties believe that a tutorial for the Court would be helpful for the Court, the parties shall simultaneously submit a letter to the Court, asking whether the Court wishes to schedule a tutorial and proposing the timing and format of the tutorial.

**(p)** **Patent Procedure Tutorial**

The parties agree the video "An Introduction to the Patent System", distributed by the Federal Judicial Center, should be shown to the jurors in connection with its preliminary jury instructions.

Dated:  January 31, 2008         **FAEGRE & BENSON LLP**

*s/Kevin P. Wagner*
William L. Roberts (#212763)
Kevin P. Wagner (#034008X)
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Telephone:     (612) 766-7000
Facsimile:      (612) 766-1600

**Attorneys for Plaintiff EZ Gard Industries, Inc.**


Dated:  February 1, 2008         **VON SIMSON & CHIN LLP**

*s/Stephen Chin*
Charles von Simson
Stephen Chin
62 William Street, Sixth Floor
New York, NY  10005
Telephone:     (212) 514-8645
Facsimile:      (212) 514-8648

**Attorney for Defendant XO Athletic Co.**


Dated:  January 31, 2008         **MINENKO & HOFF, P.A.**

*s/Michael J. Minenko*
Michael J. Minenko (#129872)
5200 Wilson Road, Suite 150
Edina, MN 55424
Telephone:     (952) 922-6766
Facsimile:      (952) 928-8370

**Attorney for Defendant Paul Andre**

fb.us.2530961.03